UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

        Criminal Case No. 19-20155-1
        Honorable Linda V. Parker

JESSE JAMES HAWKINS,

        Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION IN LIMINE [ECF NO. 51]

On March 20, 2019, a federal grand jury returned a three-count indictment charging Jesse Hawkins ("Jesse") and his brother Price Hawkins (collectively Defendants) with firearm offenses. Jesse is charged in two counts of the Indictment: (1) Receipt of a Firearm While Under Indictment in violation of 18 U.S.C. § 922(n); and (2) Possession of an Unregistered Firearm in violation of 26 U.S.C. §§ 5841, 5861(d) and 5871. The matter is presently before the Court on Jesse's Motion in Limine. (ECF No. 51.)

In his initial motion, Jesse seeks to preclude the Government from referring to his prior criminal charges and status as a "youthful trainee" under Michigan's Holmes Youthful Training Act ("HYTA"). Jesse indicates that he will stipulate that he was assigned this status at the time relevant to Count One of the

Indictment—that is, between on or about May 19, 2018, and on or about June 7, 2018.[1] Jesse argues that evidence regarding his prior felony charges and assignment under the HYTA are irrelevant and unduly prejudicial. He therefore maintains that this evidence should be excluded under Federal Rules of Evidence 403 and 404.

The Government argues in response that Jesse's proposed stipulation falls short of establishing that it was illegal for him to receive a firearm during the relevant period and that he did so willfully (that is, he knew of that illegality). The Government therefore contends that excluding evidence of Jesse's prior charges and status under the HYTA inhibits it from proving Jesse's guilt under 18 U.S.C. § 922(n). While making this argument, the Government asserts that Jesse's status as being under multiple HYTA sanctions rendered him "under indictment" for purposes of § 922(n).

The Government's latter assertion appears to have triggered Jesse's counsel to raise a completely new argument in his reply brief. That is, in reply, Jesse seeks dismissal of Count One of the Indictment, charging him with violating § 922(n), on the basis that his status under the HYTA does not meet the definition of being "under indictment" for purposes of the statute. A reply brief generally is not the

---

[1] The Indictment charges Jesse with unlawfully receiving a firearm in violation of § 922(n) "[b]etween on or about May 19, 2018 and on or about June 7, 2018[.]" (ECF No. 17 at Pg ID 35.)

proper place to raise an argument for the first time. *See United States v. Galaviz*, 645 F.3d 347, 362 (6th Cir. 2011) (citing *United States v. Campbell*, 279 F.3d 392, 401 (6th Cir. 2002)). Nevertheless, because the Government raised the issue—and therefore had the opportunity to address it—the Court has decided to consider it.[2]

Section 922(n) reads:

> It shall be unlawful for any person who is under indictment for a crime punishable by imprisonment for a term exceeding one year to ship or transport in interstate or foreign commerce any firearm or ammunition or receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922. "Indictment" is defined as "an indictment or information in any court under which a crime punishable by imprisonment for a term exceeding one year may be prosecuted." 18 U.S.C. § 921(a)(14). Pursuant to the relevant sentencing provision, 18 U.S.C. § 924(a)(1)(D), any violation of § 922(n) must be committed "willfully." *See Dixon v. United States*, 548 U.S. 1, 5 & n.3 (2006). To prove willfulness, the prosecution must show that the defendant "acted with knowledge that his conduct was unlawful." *Id*. at 5.

---

[2] Further, Jesse filed a motion seeking an extension of time to file a motion to dismiss Court One of the Indictment on the same grounds. (ECF No. 78.) The Court denied the motion because the issue already had been presented in the briefs supporting and opposing Jesse's motion in limine. However, the Court gave the parties the opportunity to file supplemental briefs, which both sides did. (ECF Nos. 84, 89, 90.)

As the Government correctly indicates, Jesse's proposed stipulation that he was assigned the status of a youthful trainee under the HYTA during the relevant period does not substitute for the evidence the Government seeks and needs to introduce to prove Jesse's guilt under § 922(n). The stipulation does not prove that Jesse was "under indictment" for a crime punishable by imprisonment for a term exceeding one year. Nor does it prove that Jesse knew that it was unlawful to receive a firearm shipped or transported in interstate commerce while he was a youthful trainee. The Court therefore rejects Jesse's argument at this time that this evidence must be excluded under Federal Rules of Evidence 403 or 404.[3]

With respect to whether Jesse was "under indictment" when he received a firearm during the relevant period, this Court must look to Michigan law. *See, e.g.*, *United States v. Hill*, 210 F.3d 881, 883 (8th Cir. 2000) (citing *United States v. Chapman*, 7 F.3d 66, 67-68 (5th Cir. 1993)). Michigan courts describe the HYTA as "essentially a juvenile diversion program for criminal defendants under the age of 21." *People v. Dipiazza*, 778 N.W.2d 264, 266 (Mich. Ct. App. 2009). The Sixth Circuit has found the public policy behind the statute "clear: to give youthful

---

[3] The Court agrees with defense counsel that there may be information relevant to Jesse's HYTA status that should be excluded because it is not relevant, or any relevance is substantially outweighed by unfair prejudice. If this matter proceeds to trial, the Government must inform defense counsel of the specific evidence it intends to introduce on this subject and defense counsel may then renew the motion in limine if Jesse believes that any evidence should be excluded under the Federal Rules of Evidence.

offenders a chance to wipe their records clean provided that they do not violate their status as 'youthful trainees.' " *Adams v. United States*, 622 F.3d 608, 611 (2010).

The HYTA allows a court, with certain exceptions, to assign an individual to "youthful trainee" status if the individual pleads guilty to a criminal offense committed between the ages of seventeen and twenty-four.[4] Mich. Comp. Laws § 762.11(1). At that time, a judgment of conviction is not entered. *Id*. "An assignment of an individual to the status of youthful trainee . . . is not a conviction for a crime …." *Id*. § 762.14(2).

Under the statute, a court has the discretion to terminate or revoke an individual's youthful trainee status at any time; however, the court must do so if the individual pleads guilty to or is convicted of certain crimes. *See* Mich. Comp. Laws § 762.12(1), (2). The statute provides: "Upon termination of consideration or revocation of status as a youthful trainee, the court may enter an adjudication of guilt and proceed as provided by law. If the status of youthful trainee is revoked, an adjudication of guilt is entered, and a sentence is imposed …." *Id*. § .12(3) If the individual's youthful trainee status is not terminated or revoked, the court must "discharge the individual and dismiss the proceedings." *Id*. § 762.14(1).

---

[4] If the offense is committed between the individual's twenty-first and twenty-fourth birthdays, the prosecutor must consent to the youthful trainee assignment. Mich. Comp. Laws § 762.11(1).

5

The Sixth Circuit has not addressed whether an individual is "under indictment" for purposes of § 922(n) when he or she is a HYTA youthful trainee. Jesse identifies one case in this District where the issue was litigated. *See* 4/30/19 Hr'g Tr., *United States v. Bryant*, Criminal Case No. 19-20134 (E.D. Mich. Apr. 30, 2019), ECF No. 27. In that case, the Honorable Bernard A. Friedman denied the defendant's motion to dismiss the § 922(n) charge against him, concluding that the phrase "under indictment" in the statute must be read broadly and includes an individual under HYTA status. *Id.* at Pg ID 141-44. Judge Friedman's holding is consistent with those of courts in other circuits, considering similar state statutes: *United States v. Saiz*, 797 F.3d 853 (10th Cir. 2015) (holding that a defendant who receives a conditional discharge under New Mexico law is "under indictment"); *United States v. Valentine*, 401 F.3d 609 (5th Cir. 2005) (concluding that those subject to a deferred adjudication in Texas are "under indictment"); *United States v. Larkin*, No. 13-cr-172, 2013 WL 6498068 (N.D. Okla. Dec. 11, 2013) (holding that the defendant, who pleaded guilty and received a deferred sentence under Oklahoma law, was "under indictment"); *United States v. Bonds*, No. 2:16-cr-00034, 2017 WL 2991804 (N.D. Ga. Mar. 10, 2017) (concluding that a defendant is "under indictment" when he or she pleads guilty under Georgia's First Offender Act and is subject to a deferred sentence); *but see United States v. Hill*, 210 F.3d

881 (8th Cir. 2000) (concluding that a defendant who has pleaded guilty and received a suspended sentence under Missouri law is not "under indictment").

Those courts concluding that deferred adjudication is equivalent to being "under indictment" reasoned that under the statutes before them, a deferred sentence or adjudication is not considered a conviction or a judgment. *See, e.g.*, *Valentine*, 401 F.3d at 615. The charge against the defendant remains pending and, if whatever terms and conditions are imposed have been fulfilled, the charge is dismissed without court adjudication of guilt and a conviction. *Id*. In *Hill*, in comparison, the Eighth Circuit concluded that a defendant is not under indictment while subject to a suspended sentence under Missouri law. 210 F.3d at 884. The court found that, "[u]nder Missouri law, the primary purpose of an indictment or information is to give general notice to the defendant of the charge against him." *Id*. (quotation marks and citation omitted). The court reasoned that "the indictment served no further purpose and was thus extinguished[]" once the defendant enters a guilty plea and admits each allegation in the indictment. *Id*.

Those courts concluding that a defendant remains under indictment when subject to a deferred adjudication have almost unanimously rejected the *Hill* court's reasoning.[5] As the Tenth Circuit explained in *Saiz*:

---

[5] In *Valentine*, the Fifth Circuit did not expressly reject the reasoning in *Hill*. Instead, the *Valentine* court declined to follow *Hill*, reasoning that it is not binding

7

> Although it is true that an indictment's purpose is to inform a defendant of the charges against him, we find no support for the proposition that a defendant is no longer subject to an indictment after he pleads guilty and before he is adjudged guilty. To the extent that a conditional discharge puts off a finding of guilt, it simply prolongs the life of the indictment. A holding to the contrary would be incongruous with the requirement that "charges" are only "dismissed" when the defendant completes the probationary period, as well as the fact that the defendant is never convicted unless he violates the terms of release. If the indictment dissipated at the time of the guilty plea, there would be no more charges to dismiss and no chance of a future conviction. The statutory scheme exists precisely to give a defendant a chance to avoid a finding of guilty, while preserving the threat posed by the indictment until completion of probation.

797 F.3d at 857 (internal citations and footnote omitted). This Court also is not persuaded by the reasoning in *Hill* and finds that, under Michigan law, an individual in HYTA youthful trainee status is "under indictment" for purposes of § 922(n).

Although the precise argument in his supplemental briefs is somewhat unclear, Jesse appears to be asserting that he could not have willfully violated § 922(n) due to the dearth of authority holding that HYTA youthful trainee status constitutes "under indictment" for purposes of the statute. In other words, Jesse seems to be arguing that he could not have known that, as an HYTA youthful trainee, he was "under indictment."[6] The Supreme Court's recent decision in

---

authority and dealt with a different question, as it examined a different state's statute. *Valentine*, 401 F.3d at 615.

[6] Jesse could be arguing instead (or alternatively) that he could not know that he was violating a federal statute, specifically § 922(n), because he did not know he

8

*Rehaif v. United States*, -- U.S. --, 139 S. Ct. 2191 (2019), is relevant to Jesse's argument. So too is Sixth Circuit caselaw applying *Rehaif*.

In *Rehaif*, the defendant was prosecuted under 18 U.S.C. § 922(g)(5) for possessing a firearm while being an undocumented individual unlawfully present in the United States. 139 S. Ct. at 2194. The Supreme Court held that in prosecutions under 18 U.S.C. § 922(g), "the Government must prove both that the defendant knew that he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm."[7] *Id*. at 2200. In other words, the Government in that particular case had to prove that the defendant knowingly possessed a firearm and knew that he was unlawfully present in the United States. *Id*. The Court reached this conclusion based on the "longstanding presumption . . . that Congress intends to require a defendant to possess a culpable mental state regarding 'each of the statutory elements that criminalize otherwise innocent conduct.'" *Id*. at 2195 (quoting *United States v. X-Citement Video, Inc.*, 513 U.S. 64, 72 (1994)).

---

was "under indictment" due to his HYTA status. As discussed *infra*, the Sixth Circuit rejected that argument in *United States v. Bowens*, 938 F.3d 790 (2019).
[7] Notably, the Supreme Court stated that it was "express[ing] no view . . . about what precisely the Government must prove to establish a defendant's knowledge of status in respect to other § 922(g) provisions . . . ." 139 S. Ct. at 2200. Presumably the same caveat would apply to other provisions of § 922, such as subsection (n).

The Sixth Circuit has explained subsequent to *Rehaif* that knowing one's status is different than knowing that, having such status, one is prohibited from possessing firearms under federal law. *United States v. Bowens*, 938 F.3d 790, 797 (2019) ("[I]n a prosecution under § 922(g)(3), the Government arguably must prove that defendants knew they were unlawful users of a controlled substance, but not, as defendants appear to argue, that the defendants knew unlawful users of controlled substances were prohibited from possessing firearms under federal law."). The Sixth Circuit found it "plausible that [the defendants] were unaware that they were prohibited from possessing firearms under a subsection of 18 U.S.C. § 922(g) due to their regular and repeated drug use." *Id*. Nevertheless, the court held, "[s]uch knowledge . . . is not, and cannot be, what *Rehaif* requires." *Id*. According to the Sixth Circuit, "*Rehaif* did not grant onto § 922(g) an ignorance-of-the-law defense by which every defendant could escape conviction if he was unaware of this provision of the United States Code." *Id*.

As such, to demonstrate Jesse's guilt under § 922(n), the Government will have to prove beyond a reasonable doubt that: (1) he "receive[d] any firearm or ammunition which has been shipped or transported in interstate or foreign commerce"; and (2) knew he was "under indictment" at the time. 18 U.S.C. § 922(n). The second element may, in the end, be impossible to prove. But at this juncture, the Court cannot conclude that the Government cannot satisfy its burden.

10

The Government is on notice, however, that it has this burden and must present evidence at trial (if this case proceeds that far) to prove Jesse's required knowledge.

In conclusion, at this juncture, the Court declines to exclude evidence relevant to Jesse's HYTA status. However, if this case proceeds to trial, Jesse may renew his request to exclude this evidence pursuant to the Federal Rules of Evidence once it is clear precisely what evidence the Government intends to offer. The Court holds that an individual assigned to "youthful trainee" status under the HYTA is "under indictment" for purposes for 18 U.S.C. § 922(n). To convict Jesse under that statute, the Government will have to prove beyond a reasonable doubt that he knowingly received a firearm previously shipped and transported in interstate or foreign commerce while knowing that he was under indictment.

Accordingly,

**IT IS ORDERED** that Jesse's Motion in Limine (ECF No. 51) is **DENIED**.

                                          s/ Linda V. Parker
                                          LINDA V. PARKER
                                          U.S. DISTRICT JUDGE

Dated: January 14, 2020